HENRY LA BELLE v. POWERS MERCANTILE COMPANY.[2]

January 3, 1908.

Nos. 15,414—(143).

Action in the district court for Hennepin county to recover $1,900. The case was tried before Frederick V. Brown, J., and a jury which rendered a verdict in favor of plaintiff for $350. The motion of defendant for judgment notwithstanding the verdict was denied. From the judgment entered on the verdict defendant appealed. Reversed, with directions to enter judgment for the defendant.

*Flannery & Cooke*, for appellant.

*Richard & Coe*, for respondent.

[1] Reported in 114 N. W. 1134.　　[2] Reported in 114 N. W. 1131.

PER CURIAM.

Plaintiff and respondent was an employee of a meat concern which had agreed that defendant and appellant should furnish certain delivery service in a given building. This involved the use of a hydraulic elevator, running from the basement to the sidewalk, operated by a wire cable, which elevator was started up by pulling down on a cable and was started down by pulling up on the cable. It stopped automatically. Plaintiff was engaged in transporting by means of that elevator a large basket with four wheels, one at each corner, which, when full, weighed about five hundred or six hundred pounds. Plaintiff had been engaged in his employment for several months and was accustomed to make about four deliveries a day in the manner indicated. He or the other men delivering goods ordinarily ran the elevator. The son of the shipping clerk, a lad about ten years of age, was on the elevator at the time of the accident here complained of. Plaintiff drew the basket on the elevator. The boy pulled the cable and started the elevator up; after which it ran till it stopped automatically when it came to the sidewalk. Just before it reached that point, the boy, in turning around, pushed the basket onto plaintiff's foot, and forced part of it under the sidewalk where it was caught by the elevator and injured. The jury returned a verdict for plaintiff in the sum of $350. This appeal was taken from the judgment entered after an order of the trial court denying the motion for judgment notwithstanding the verdict.

The gist of the charge of negligence was that defendant's act was in alleged violation of R. L. 1905, § 1806: "No person shall employ or permit any child under the age of sixteen years to have the care, management or operation of any elevator, or permit any minor under eighteen years to manage or operate any elevator capable of running over two hundred feet per minute." The accident occurred in 1906. In consequence it is unnecessary to consider whether Laws 1907, c. 299, in any wise altered this section.

We are of opinion that defendant cannot be held liable for the act of the boy. He was not in its employ and was not shown to have been "permitted," in the statutory sense, to operate the elevator. It is true that there was some evidence that he had operated the elevator once or oftener on the day of the accident to the knowledge of some of defendant's employees. He was at best a casual interloper. The testimony is clear that "the driver going up with his load had charge and authority over the elevator." Moreover, the charge of negligence on the part of defendant in not preventing the boy's interference is too remote to make defendant liable for the consequences of his act in turning around whereby he pushed a five-hundred or six-hundred pound basket so as to force the great toe of plaintiff under the bottom of the sidewalk.

Reversed, with directions to the trial court to enter judgment for the defendant, notwithstanding the verdict.